IN RE APPLICATION OF CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.
CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT, V. TED BURGESS ET AL., APPELLEES.
87 N. W. 2d 630

Filed January 31, 1958. No. 34323.

*J. W. Weingarten* and *Walter P. Loomis,* for appellant.

*Crosby, Pansing & Guenzel* and *Leon A. Sprague,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The Chicago, Burlington & Quincy Railroad Company commenced this proceeding before the Nebraska State Railway Commission to secure permission to discontinue motor passenger trains Nos. 15 and 16, which are operated daily, between Wymore and Oxford, Nebraska, except Sunday from Wymore and Monday from Oxford. Objections were filed by Ted Burgess as the representative of the towns located on the line of railroad on which trains Nos. 15 and 16 are presently operating. The commission, after a public hearing, denied the application, and the railroad company has appealed.

There are 23 communities served by these trains on the 172.3 mile run between Wymore and Oxford. The terminal points are adequately served by other trains. Superior, the largest town served by these trains, is adequately served by other railroads, and truck and

bus lines. Many of the other communities are served by common-carrier truck and bus lines. All are on roads which are used by private automobiles and trucks in preference to the passenger service afforded. The record conclusively shows that the public has for all practical purposes abandoned the use of these trains in favor of the afore-mentioned modes of transportation.

The evidence shows that the trains are operated at a net loss to the company. In 1955 and 1956 the net losses of the company were $21,948 and $16,211 respectively. The net loss for January 1957 was $1,797. The principal source of income has been the delivery of mail under government contracts. Head-end shipments of express and cream are very small. Passenger traffic has gradually decreased to a low of 1.1 passengers per train mile in March 1957 on train No. 15, and .7 passengers per mile on train No. 16 during the same month. The company proposes, if trains Nos. 15 and 16 are discontinued, to initiate tri-weekly mixed train service between Wymore and Oxford. It is true that a few persons and businesses will be adversely affected by the discontinuance of these trains, but this is not a controlling factor where the public generally has abandoned the service. We conclude that the remaining service, including common-carrier trucks and buses, and private automobiles and trucks, in addition to the proposed tri-weekly mixed train service, is adequate to support the needs of the communities involved. Neither the evidence nor the findings of the commission show a public necessity for trains Nos. 15 and 16 as a means of transportation of passengers between Wymore and Oxford when other available services of the company and other private and common carriers are considered. A railroad company is not required to operate trains at a loss where public convenience and necessity do not require it. The evidence is without substantial dispute, and the findings of the commission to the contrary are

without evidentiary support and are necessarily arbitrary.

A complete review of the mass of evidence adduced at the hearing will serve no useful purpose and would unduly prolong this opinion. The conclusions to be drawn therefrom bring the case squarely within our holdings in In re Application of Chicago, B. & Q. R. R. Co., 138 Neb. 767, 295 N. W. 389; In re Application of Chicago, B. & Q. R. R. Co., 152 Neb. 352, 41 N. W. 2d 157; In re Application of Chicago, B. & Q. R. R. Co., 152 Neb. 367, 41 N. W. 2d 165. On the authority of these decisions we hold the order of the commission, in denying the application of the company, to be without evidentiary support and consequently unreasonable and arbitrary.

The order of the commission is vacated and the issues raised by the application are remanded to the commission for further consideration in accordance with the holdings of this opinion.

REVERSED AND REMANDED.